IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

2022 DEC 19 PM 4: 25

| | | |
|---|---|---|
| Allstate Vehicle and Property Insurance Company, | ) ) ) | Civil Action No.: 3:22-3500-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **ANSWER OF DEFENDANT IRVIN ECKROTE** |
| Ronald Shayne Phillips, Individually, Sabria Phillips, Individually, and as Personal Representative of the Estate of Jaden Phillips, Irvin Eckrote, | ) ) ) ) ) ) | **(Non-Jury)** |
| Defendants. | ) | |

Defendant Irvin Eckrote (hereinafter "Defendant Eckrote") hereby answers Plaintiff's Complaint in the above-captioned case as follows:

### FOR A FIRST DEFENSE
### (Qualified General Denial)

1. Upon information and belief, Paragraph 1 of the Complaint is admitted by Defendant Eckrote.

2. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 2, therefore Defendant Eckrote denies the allegations.

3. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 3, therefore Defendant Eckrote denies the allegations.

4. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 4, therefore Defendant Eckrote denies the allegations.

5. Defendant Eckrote admits the allegations in paragraph 5.

6. Defendant Eckrote admits the allegations in paragraph 6.

7. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 7, therefore Defendant Eckrote denies the allegations.

8. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 8, therefore Defendant Eckrote denies the allegations.

9.  Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 9, therefore Defendant Eckrote denies the allegations.

10. In responding to the allegations of Paragraphs 10-16, Defendant Eckrote admits that the Complaint in the Underlying Action speaks for itself. To the extent that the allegations of Paragraphs 10-16 are inconsistent with the Complaint in the Underlying Action, those same allegations are denied.

11. Defendant Eckrote admits the allegations in paragraph 17 to the extent that Plaintiff Allstate herein asserts that it is providing a defense. However, as of this date, Defendant Eckrote has received no assistance from Plaintiff Allstate in defending the Underlying Complaint.

12. Defendant Eckrote admits the allegations in paragraph 18.

13. Defendant Eckrote admits the allegations in paragraph 19.

14. In responding to the allegations of Paragraphs 20-22, Defendant Eckrote admits that the Complaint in the Underlying Action speaks for itself. To the extent that the allegations of Paragraphs 20-22 are inconsistent with the Complaint in the Underlying Action, those same allegations are denied.

15. Defendant Eckrote admits the allegations in paragraph 23.

16. Defendant Eckrote denies the allegations in paragraph 24.

17. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 25, therefore Defendant Eckrote denies the allegations.

18. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 26, therefore Defendant Eckrote denies the allegations.

19. Defendant Eckrote denies the allegations in paragraph 27.

20. The preceding allegations of this Answer and Counterclaims are re-alleged and incorporated by reference in response to Paragraph 28.

21. Defendant Eckrote admits the Complaint in the Underlying Lawsuit alleges these facts but denies the underlying facts alleged in that Complaint in the Underlying Lawsuit on paragraph 29.

22. Defendant Eckrote admits the allegations in paragraph 30.

23. Defendant Eckrote admits to paragraph 31 to the extent it restates the statutory law of South Carolina.

24. Defendant Eckrote denies the allegations in paragraph 32.

25. Defendant Eckrote denies the allegations in paragraph 33.

26. Defendant Eckrote denies the allegations in paragraph 34.

27. The preceding allegations of this Answer and Counterclaims are re-alleged and incorporated by reference in response to Paragraph 35.

28. Paragraph 36 states a legal conclusion that does not require a response from Defendant Eckrote. To the extent a response is required, Paragraph 36 of the Complaint is denied.

29. In responding to the allegations of Paragraph 37, Defendant Eckrote admits that the Complaint in the Underlying Action speaks for itself. To the extent that the allegations of Paragraph 37 are inconsistent with the Complaint in the Underlying Action, those same allegations are denied.

30. In responding to the allegations of Paragraph 38, Defendant Eckrote admits that the Complaint in the Underlying Action speaks for itself. To the extent that the allegations of Paragraph 38 are inconsistent with the Complaint in the Underlying Action, those same allegations are denied.

31. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 39, therefore Defendant Eckrote denies the allegations.

32. Defendant Eckrote has insufficient information to admit or deny the allegations of Paragraph 40, therefore Defendant Eckrote denies the allegations.

33. Defendant Eckrote denies the allegations in paragraph 41.

34. Defendant Eckrote denies the allegations in paragraph 42.

35. All allegations of Plaintiff's Complaint not herein expressly admitted or explained are denied.

### FOR A SECOND DEFENSE
(Violation of Public Policy)

36. Defendant Eckrote re-alleges and incorporates by reference all allegations of his previous defenses where not inconsistent herewith.

37. The Joint Obligations Provisions of the Policy issued by Plaintiff to Defendant Eckrote, as specifically applied to Defendant in this action, is violative of the public policy of South Carolina.

WHEREFORE, having fully answered, Defendant Eckrote pray:

1. That the Complaint of Plaintiff be dismissed;

2. That the Court declares that there is coverage for Defendant Eckrote regarding the occurrence in the underlying action;

3. That the Court declares Plaintiff must honor its obligations under the Policy and provide for a defense in the underlying case;

4. For an award of the expenses and costs associated with this action; and

5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Irvin Eckrote
PRO SE DEFENDANT
103 Trellis Lane
Irmo, SC 29063

Columbia, South Carolina
December 19, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

2022 DEC 19  PM 4:25

| | |
|---|---|
| Allstate Vehicle and Property Insurance Company, ) ) ) | Civil Action No.: 3:22-3500-JFA |
| Plaintiff, ) ) ) | |
| vs. ) ) ) | |
| Ronald Shayne Phillips, Individually, Sabria Phillips, Individually, and as Personal Representative of the Estate of Jaden Phillips, Irvin Eckrote, ) ) ) ) ) ) | |
| Defendants. | |

### CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned, Kayla Sharpe being duly sworn, says that she served the foregoing:

**Answer of Defendant Irvin Eckrote** in the above captioned action upon the following addresses with the return address clearly stated on the envelope and proper postage attached to the envelope on the 19th day of December:

Stanley Law Group
**Attn: Breon C.M. Walker**
1418 Park Street
Columbia, SC 29201

Gallivan White Boyd
**ATTN: Alfred Johnston Cox**
1201 Main Street, Suite 1200
Columbia, SC 29202

Kayla Sharpe

Sworn to and subscribed before me
this 19th day of Dec, 2022

Notary Public for South Carolina

My commission expires: 6-17-2025

Sharelle Griesemer
Notary Public, State of South Carolina
My Commission Expires June 17, 2025