IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Allstate Vehicle and Property Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Ronald Shayne Phillips; Sabria Phillips, *individually and as Personal Representative of the Estate of Jaden Phillips*; Irvin Eckrote,<br><br>Defendants. | C/A No. 3:22-3500-JFA-PJG<br><br><br><br>**ORDER** |

Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate") filed this declaratory judgment action claiming it has no duty to defend its insured, Defendant Irvin Eckrote ("Defendant Eckrote"), in a state court lawsuit filed by Defendants Ronald Shayne Phillips, Sabria Phillips, and the Estate of Jaden Phillips (collectively, "the Phillipses"). The underlying state court action arises out of a boating accident during which Jade Phillips was killed while riding in Defendant Eckrote's boat. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On July 17, 2023, Allstate filed a Motion for Summary Judgment. (ECF No. 30). The Phillipses filed a Response on July 31, 2023 (ECF No. 31), and Allstate filed a Reply on August 7, 2023. (ECF No. 32).

1

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") which opines that this Court should grant Allstate's Motion for Summary Judgment. (ECF No. 33). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The parties were advised of their right to object to the Report, which was entered on the docket on October 6, 2023. *Id*. The Magistrate Judge required the parties to file objections by October 20, 2023. *Id*. To date, neither party has filed any objections to the Report. Thus, this matter is ripe for review.

I.     **LEGAL STANDARD**

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

2

*v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The standard for a motion summary judgment is well known and stated within the Report which incorporated herein.

3

## II.     DISCUSSION

Although this Court incorporates the factual background discussed in the Report, a brief recitation of the relevant facts is necessary to provide context to the Report's conclusions. On May 16, 2020, Jaden Phillips and Defendant Eckrote were involved in a boating accident in Defendant Eckrote's boat on the Congaree River. Jaden Phillips suffered blunt force trauma to his head in the crash which led to his death four days later. The Phillipses filed a lawsuit against Defendant Eckrote and others in the Richland County Court of Common Pleas.

As the Report explains, at the time of the accident, Defendant Eckrote had a house and home policy issued by Allstate that covered bodily injury or property damage resulting from accidents. *See* (ECF No. ECF No. 36-6, pp. 48 & 50). However, it specifically excluded coverage for accidents arising out of the use of a watercraft powered by an outboard motor with more than 25 total horsepower. *Id.* Thus, Allstate filed the instant motion for summary judgment seeking a declaration as to the applicability of the watercraft exclusion contained in Defendant Eckrote's policy because it argues Defendant Eckrote's boat was powered by an outboard motor with a total horsepower of 25 or more at the time of the accident.

In the Report, the Magistrate Judge agrees with Allstate and recommends this Court grant Allstate's motion for summary judgment. To support its motion, Allstate submitted a notarized affidavit from Defendant Eckrote in which he swears that on the day of the accident, his boat was powered by a 150-horsepower outboard motor. In response, the Phillipses were unable to point to any evidence in the record to contradict or refute

4

Defendant Eckrote's affidavit. Accordingly, the Magistrate Judge found there was no genuine dispute of material fact as to whether Defendant Eckrote's boat was powered by a 150-horsepower outboard motor and as such, the applicability of Allstate's watercraft exclusion. The Phillipses chose not to file objections to the Report's conclusion.

After reviewing the Report, the record in this case, and the applicable law, this Court finds the Magistrate Judge is correct. The Magistrate Judge correctly finds there is no genuine dispute of material fact as to whether Defendant Eckrote's boat was powered by a 150-horsepower outboard motor at the time of the accident such that the policy's watercraft exclusion applies to bar Jaden Phillips' injuries as a matter of law. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (finding this Court is not required to give an explanation for adopting the recommendation when the parties fail to file objections); *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (finding the court must only review portions of the Report to which the parties have made specific written objections).

Thus, this Court adopts the Report (ECF No. 33) in full and grants Allstate's motion for summary judgment. (ECF No. 30).

### III. CONCLUSION

Therefore, this Court adopts the Magistrate Judge's Report and Recommendation in full. (ECF No. 33). Consequently, Allstate's motion for summary judgment is granted. (ECF No. 30).[2]

IT IS SO ORDERED.

November 7, 2023　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge

---

[2] On March 1, 2023, the Clerk of Court entered default against Defendant Irvin Eckrote, who was proceeding without counsel in this case, on March 1, 2023. (ECF Nos. 26-27). To date, Defendant Eckrote has not responded to Allstate's Motion for Summary Judgment or moved to set aside the default. Accordingly, as a result of this Court's ruling on Allstate's Motion for Summary Judgment, Defendant Eckrote is also hereby dismissed from this suit.